# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NAGRA USA, INC., NAGRAVISION S.A., and KUDELSKI, S.A.<br><br>Plaintiff,<br><br>v.<br><br>COMCAST CABLE COMMUNICATIONS, LLC,<br><br>Defendant. | Case No. _____<br><br>Jury Trial Demanded |

## COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NONINFRINGEMENT

Plaintiffs Nagra USA, Inc., Nagravision SA and Kudelski, S.A. (collectively, "Plaintiffs" or "Nagra"), by and through the undersigned counsel, hereby bring this action against Defendant Comcast Cable Communications, LLC ("Comcast"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202 of noninfringement.

2. Plaintiffs bring this action for a declaration that they do not infringe any claims of Comcast's U.S. Patent No. 7,620,179 ("the '179 patent") and U.S. Patent No. 7,933,410 ("the '410 patent"), copies of which are attached as Exhibits A-B, respectively (collectively "the Asserted Patents").

## PARTIES

3. Nagra USA Inc. is a New York corporation with its principal place of business and headquarters in El Segundo, California.

4. Plaintiff Nagravision S.A. is a Swiss corporation with its principal place of business

in Cheseaux-sur-Lausanne, Switzerland. Nagravision is a wholly owned subsidiary of Kudelski S.A.

5. Kudelski S.A. is a Swiss corporation with its principal place of business in Cheseaux-sur-Lausanne, Switzerland. Kudelski S.A. and its subsidiaries are referred to as the "Kudelski Group."

6. Upon information and belief, Defendant Comcast is a limited liability company organized and existing under the law of Delaware with its principal place of business in Philadelphia, Pennsylvania.

## **JURISDICTION AND VENUE**

7. Plaintiffs' claims arise under the patent laws of the United States, 35 U.S.C. § 1 et. seq.

8. This Court has exclusive original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Act. This Court has subject matter jurisdiction over Plaintiffs' declaratory judgment claims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 because an immediate and substantial controversy exists between Plaintiffs and Comcast with respect to whether Plaintiffs are or have infringed the Asserted Patents based on Comcast's communications with Plaintiffs and further based on Comcast's attempted assertion of claims for patent infringement against Plaintiffs in *Nagravision SA v. Comcast Corporation*, E.D. Texas Case No. 2:16-cv-01362 (the "Texas Action"), which was denied by the court in that case on September 20, 2017.

9. Upon information and belief, Comcast transacts and conducts business in this District and in the State of Pennsylvania, and is subject to the personal jurisdiction of this Court. Upon information and belief, Comcast has minimum contacts within the State of Pennsylvania and

this District and has purposefully availed itself of the privileges of conducting business in the State of Pennsylvania and in this District by, *inter alia*, maintaining a regular and established place of business in Philadelphia, PA, which is its principal place of business and headquarters.

10. For the reasons set forth above, venue is proper in this district under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Comcast resides in this District, has transacted business in this District, and maintains a regular and established place of business, which is its principal place of business and headquarters.

## CONTROVERSY BETWEEN THE PARTIES

11. An actual and justiciable controversy exists between Plaintiffs and Comcast as to whether Plaintiffs infringe the Asserted Patents.

12. On August 16, 2017, Comcast attempted to assert patent infringement claims against Plaintiffs for infringement of the Asserted Patents by filing a motion for leave to file an amended answer and counterclaims in the Texas Action.

13. Comcast's proposed counterclaims included, *inter alia*, the following allegations:

   i. Nagra has "directly infringed and continues to directly infringe at least method claim 9 of the '179 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a)."

   ii. Nagra "induced, and continues to induce, infringement under 35 U.S.C. § 271(b) of at least claim 9 of the '179 Patent."

   iii. Nagra "contributorily infringed, and continues to contributorily infringe, under 35 U.S.C. § 271(c), at least claim 9 of the '179 Patent."

     iv. Nagra "directly infringed and continues to directly infringe at least claim 4 of the '410 Patent, either literally or under the doctrine of equivalents, under 35 U.S.C. § 271(a)."

     v. Nagra "induced, and continues to induce, infringement under 35 U.S.C. § 271(b) of at least claim 4 of the '410 Patent."

     vi. Nagra "contributorily infringed, and continues to contributorily infringe, under 35 U.S.C. § 271(c) at least claim 4 of the '410 Patent."

14. Comcast's proposed counterclaims specifically identify Nagra's "conditional-access systems and services" as infringing the '179 and '410 patents. Comcast defined Nagra's "conditional-access systems and services" as including "Nagra CONNECT, Persistent Rights Management (PRM or DRM), Nagravision Advanced Security Certification (NASC), Nagravision On-Chip Security (NOCS), Nagra COMMAND, anyCAST, anyCAST COMMAND, and anyCAST CONNECT."

15. On September 8, 2017, Comcast served Nagra with Disclosures Pursuant to Texas Local Rules 3-1 and 3-2 ("Disclosures") asserting that Nagra infringed at least claims 1-3, 5, 7, 9-11, 13, 16-18, 20-21, and 23 of the '179 patent ("the '179 patent asserted claims") and claims 1-6 of the '410 Patent ("the '410 patent asserted claims"), including claim charts.

16. On September 20, 2017, the court in the Eastern District of Texas case denied Comcast's motion to amend its answer and to file the proposed counterclaims.

17. Although the Comcast's attempt to add counterclaims to that case was denied in the Texas Action, the court did note in its order that Comcast "could bring its counterclaims in a separate lawsuit . . .." *See* Texas Action Dkt. No. 123.

18. Comcast's failed attempt to add counterclaims of infringement of the '179 and '410 patents against Plaintiffs, together with Comcast's Disclosures of infringement against Plaintiffs, is a clear and unmistakable threat of litigation against Plaintiffs.

## COUNT 1: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,620,179

19. Plaintiffs incorporate herein by reference paragraphs 1-18.

20. Plaintiffs have not infringed and do not infringe any claim of the '179 patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Plaintiffs' conditional access systems and services do not infringe any claims of the '179 patent because they do not meet at least the following limitations contained in independent claims 1, 9 and 16: "a headend configured to generate encrypted digital media streams and download software," "a network coupled to the headend and configured to receive the encrypted digital media streams and downloaded software," "at least one receiver coupled to the network and configured to receive the encrypted digital media streams and downloaded software and to present a decrypted version of the encrypted digital media streams based on the downloaded software, wherein the receiver comprises a security processor configured to provide at least one of simultaneous multiple encryption and simultaneous multiple decryption processing of the digital media streams, the security processor operative to store the downloaded software and to securely configure, renew, and re-configure at least one of encryption and decryption by the security processor based on the downloaded software," "wherein the security processor comprises a plurality of digital stream encryption/decryption engines that are selectively parallel coupled by a controller for simultaneous operation in response to a predetermined security configuration," "generating encrypted digital media streams at a headend," "coupling a network to the headend and receiving the encrypted digital media streams at the network," "coupling a receiver to the network, the receiver receiving

a software download from the network," "receiving the encrypted digital media streams at the receiver, and presenting a decrypted version of the encrypted digital media streams using the receiver," "re-configuring a security processor in the receiver based on the software download to provide at least one of simultaneous multiple encryption and simultaneous multiple decryption processing of the digital media streams," "storing the software download in the security processor," "wherein the security processor comprises a plurality of digital stream encryption/decryption engines that are selectively coupled by a controller for simultaneous operation in response to a predetermined security configuration," "a controller operative to be programmed through authenticated firmware downloads from a headend, each firmware download operative to modify media stream processing by the security processor," "a memory for storing the downloaded firmware," and "a plurality of digital stream encryption/decryption engines that are selectively coupled by the controller for simultaneous operation in response to a predetermined security configuration downloaded to the controller." For at least these reasons, Plaintiffs also do not infringe any of the dependent claims.

21. As set forth above, an actual controversy exists between Plaintiffs and Comcast with respect to infringement of the '179 patent and this controversy is likely to continue. Accordingly, Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties with respect to the '179 patent.

22. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

### COUNT II: DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 7,933,410

23. Plaintiffs incorporate herein by reference paragraphs 1-18.

24. Plaintiffs have not infringed and do not infringe any claim of the '410 patent, either directly or indirectly, literally or under the doctrine of equivalents. For example, Plaintiffs' conditional access systems and services do not infringe any of the '410 patent asserted claims because they do not meet at least the following limitations contained in independent claims 1 and 4: "a non-transitory computer-readable storage medium configured to store configuration data and at least some of a plurality of keys, wherein a first one of the keys is a symmetric device key and a second one of the keys is an asymmetric key," "a key decryption operator configured to generate a third one of the keys as another device key by decrypting a data message using the second one of the keys, the data message being included in a data stream," "a switch configured to select between the first one of the keys and the third one of the keys depending on the configuration data," "a decryption engine configured to decrypt at least a portion of the data stream using a key ladder that includes the selected first or third one of the keys," "storing configuration data and at least some of a plurality of keys, wherein a first one of the keys is a symmetric device key and a second one of the keys is an asymmetric key," "receiving, by a receiver, a data stream including a data message," "generating a third one of the keys as another device key by decrypting the data message using the second one of the keys," "selecting between the first one of the keys and the third one of the keys depending on the configuration data," and "decrypting at least a portion of the data stream using a key ladder that includes the selected first or third one of the keys." For at least these reasons, Plaintiffs also do not infringe any of the asserted dependent claims.

25. As set forth above, an actual controversy exists between Plaintiffs and Comcast with respect to infringement of the '410 patent and this controversy is likely to continue. Accordingly, Plaintiffs desire a judicial determination and declaration of the respective rights and duties of the parties with respect to the '410 patent.

27. Such a declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties with respect to the matters set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

(a) a judgment and declaration that Plaintiffs have not infringed and do not infringe in any manner any claim of the Asserted Patents, directly, contributorily, or by inducement, and has not otherwise infringed or violated any rights of Defendant in the Asserted Patents;

(b) an injunction against Defendant and its affiliates, subsidiaries, assigns, employees, agents, and/or anyone acting in privity or concert with Defendant from charging infringement or instituting any legal action for infringement of the Asserted Patents against Plaintiffs or anyone acting in privity with Plaintiffs, including the divisions, successors, assigns, agents, suppliers, manufacturers, contractors, and customers of Plaintiffs;

(c) a judgment and declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285, entitling Plaintiffs to an award of its reasonable attorneys' fees, expenses, and costs in this action;

(d) an award to Plaintiffs of its costs and reasonable expenses to the fullest extent permitted by law; and

(e) an award of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury for all issues so triable.

  s/ *Kevin M. Flannery*
Kevin M. Flannery, Pa. Atty. ID 62,593
Joseph Gribbin, Pa. Atty. ID 315,445
Dechert LLP

Cira Centre, 2929 Arch St.
Philadelphia, PA  19104
(215) 994-4000
kevin.flannery@dechert.com
joseph.gribbin@dechert.com

Attorneys for Plaintiffs